PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:    510/832-5001
Facsimile:    510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
LYNETTE HARVEY MAGDE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE HARVEY MAGDE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF RED BLUFF,<br><br>    Defendant. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violation of Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101** *et seq.***)**<br><br>2. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54** *et seq.***)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LYNETTE HARVEY MAGDE complains of Defendant CITY OF RED BLUFF, and allege as follows:

1. **INTRODUCTION:** Defendant denied disabled Plaintiff Lynette Harvey Magde, who uses a walker, accessible parking, accessible paths of travel and accessible facilities at the park known as Trainor Park (also hereinafter "Park") located at located at 1000 Trainor Street, Red Bluff, California. The barriers to access created and maintained by Defendant at the Park caused Plaintiff great difficulty, discomfort, and embarrassment.  She was unable to safely navigate the park and in particular the baseball fields so that she could watch her grandson play little league baseball.

2. Plaintiff's discriminatory experience was caused by Defendant's inaccessible

conditions and unlawful policies and practices.  Plaintiff seeks to obtain legally required access improvements at this Park, and compensation for the humiliation, disappointment, and discrimination she suffered as a result of her denial of access.

3. Plaintiff was denied her rights to full and equal access at these facilities and was denied her civil rights under both California law and federal law. She continues to have her rights denied because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use walkers and have difficulty walking.  Plaintiff seeks injunctive relief to require Defendant to provide physical access to persons with mobility impairments as required under federal and state laws that mandate public accommodations be made accessible to and useable by disabled persons.  Plaintiff also seek recovery of damages for her discriminatory experiences and denial of access and of civil rights, which denial is continuing as a result of Defendant's failure to provide disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

4. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code sections 4450 *et seq.*; California Civil Code sections 54, 54.1, 54.3; and Title 24, California Code of Regulations, the State Building Code.

5. **VENUE:** Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6. **INTRADISTRICT:** This case should be assigned to the Sacramento intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7. **PARTIES:** Plaintiff Lynette Harvey Magde is a "qualified" physically disabled person who uses a walker, cane, and sometimes a wheelchair due to hip dysplasia, arthritis,

ligament tears, a meniscus tear, and varicose veins. It is difficult and painful for her to walk long distances, and she is unable to climb stairs and inclines without significant pain and difficulty. Plaintiff owns a disabled licensed vehicle which entitles her to park in a properly configured disabled accessible parking space. She has been issued a California state placard for disabled parking. Plaintiff requires parking places which are properly disabled accessible, and which are located on an accessible path of travel and as close as possible to the public entryways to public facilities where she recreates and/or conducts business.

8.  On or about on June 28, 2022, June 30, 2022, July 5, 2022, and August 25, 2022, and on information and belief continuing on a daily basis to date, Plaintiff was denied her right to full and equal access at Trainor Park and was denied her civil rights under both California law and federal law, as herein below described, because these facilities were not, and are not now, properly accessible to physically disabled persons with mobility disabilities. Due to physically inaccessible facilities and/or policies created and maintained by Defendant which have failed to reasonably accommodate the needs of physically disabled persons, Plaintiff is deterred from returning to Trainor Park.

9.  Defendant City of Red Bluff was and is the owner, operator, lessor, and lessee of the properties, facilities and/or portions thereof located at 1000 Trainor Street, Red Bluff, California, known as Trainor Park, at all times relevant to this complaint. All such facilities constitute public accommodations subject to the requirements of California Government Code sections 4450 *et seq.*, and of California Civil Code sections 51 *et seq.* and sections 54 *et seq.* On information and belief, these facilities have, since July 1, 1970, undergone construction and/or "alterations, structural repairs, or additions" subjecting such facility to disabled access requirements per California Government Code sections 4450 *et seq.* Construction and alterations which occurred from January 1, 1968 – July 1, 1982 were subject to the ASA or "ANSI" Regulations. On information and belief, alterations since July 1, 1982 also subjected the facilities to requirements of California's Title 24, the State Building Code, and, since January 26, 1993, section 12183(2) of the Americans With Disabilities Act of 1990 (ADA). Further, as a governmental entity Defendant is and was also subject to the programmatic requirements of the

ADA, Title II, section 12131 *et seq.* 42 U.S.C. sections 12132 *et seq.*, and all were subject to the non-discrimination provisions of California's Title 24, and of the ADA, and of the ADAAG and Department of Justice regulations adopted to enforce the ADA. 42 U.S.C. sections 12133 *et seq.*

10. Plaintiff's civil rights were violated under federal and California law, and will continue to be violated until Defendant carries out its duties under the Title II of the Americans with Disabilities Act of 1990 and of California law, including California Government Code sections 4450 *et seq.*, and California Civil Code sections 54, 54.1, and 54.3  Defendant must be ordered by the Court to provide adequate disabled access to allow disabled persons full and equal access to Trainor Park and its facilities.

11. **GOVERNMENT CLAIM**: On or about December 14, 2022, Plaintiff made a timely claim to the City of Red Bluff, a government entity. Plaintiff received no response from Defendant to her government claim. Therefore, Plaintiff's claim was deemed rejected by operation of law on January 28, 2023.

12. **FACTUAL STATEMENT**: Plaintiff lives in the Red Bluff, California, and she is raising her two young grandchildren, who are currently eight and four years of age, by herself. In the summer of 2022, Plaintiff's oldest grandchild played baseball with the Junior Giants program in Red Bluff, California. Throughout the season, Plaintiff's grandson had at least four games and at Trainor Park in Red Bluff, California. Unfortunately, Plaintiff found Trainor Park impossible to access for her due to the lack of designated accessible parking spaces, accessible paths of travel throughout the park, and accessible seating at the baseball/softball fields.

13. Trainor Park is a large park in the City of Red Bluff. Per the City of Red Bluff's website, Trainor Park features a playground, two softball fields (Frey Field and Tosh Field), picnic table, restrooms, and three different parking lots. Below is a map of the park from the City of Red Bluff's website for reference.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES



14. On June 25, 2022, Plaintiff drove her minivan to Trainor Park with her four-year-old grandson to participate in an opening ceremony and watch a game for her eight-year-old grandson's baseball team. Her older grandson had ridden to Trainor Park earlier with friends so that he could be with his team.

15. The opening ceremony for the Plaintiff's grandson's team was held at Frey Field at Trainor Park. When Plaintiff arrived at Trainor Park, she looked for a designated accessible parking space to park her disabled licensed vehicle in. However, she was unable to find any designated accessible parking space in either of the two parking areas closest to Frey Field. Plaintiff did not see any signage or striping indicating that that there were designated accessible parking spaces in either parking lot. Due to the lack or accessible parking reserved for disabled persons, the parking lots were full by the time Plaintiff arrived for the opening ceremony, so she found an on-street parking space near the park.

16. After Plaintiff parked her car, she put her four-year-old grandson in a stroller, which she uses along with a cane instead of a walker for stability while walking when she has her young grandson with her. Plaintiff looked along the street for and in the parking are for an accessible pack of travel with a curb cut and a smooth unbroken surface to walk on. However,

she was unable to find any such accessible path of travel from either the parking lot or the on-street parking areas to Frey Field.

17. Plaintiff did not want to leave her eight-year-old grandson alone at the opening ceremony for too long. He has a serious fear of abandonment, and she wanted to make sure that he knew she had arrived and was there to support him and his baseball team. Plaintiff decided she would have to climb up the curb with the stroller and try to push the stroller through the grass to the field. Plaintiff was able to get the stroller up on the curb, but when she tried to step up on the curb herself, she misjudged the height of the curb. Her foot caught on the curb, and she fell on her left side bruising her knee and elbow. Luckily, the stroller with her grandson in it stayed upright.

18. Plaintiff righted herself with difficulty, and then she continued to use the stroller and her cane for balance as she made her way to the field to watch her grandson's opening ceremony for the 2022 baseball season. In order to get to the field, Plaintiff had to walk and push the stroller through grass and dirt due to the lack of an accessible path of travel. Once Plaintiff reached the field, she saw that the seating area for Frey Field was up a fairly steep incline which she could not climb safely. Instead, Plaintiff stood by the fence in the right field area of Frey Field. She was able to see grandson, and he was able to see her, but they were unable to communicate because Plaintiff could not get close to the field. Plaintiff was also separated from the other able-bodies parents of her grandsons' team who were able to get to the seating area to cheer on their children.

19. After the opening ceremony, Plaintiff's grandson's team walked to Tosh Field to play a baseball game. Due to the separation between Plaintiff and the other spectators, she was unable to hear the announcement that her grandson's team was going to play their game at the other field, and she was too far away from the other parents to ask them. As a result, when Plaintiff's grandson left Frey Field, she did not know where he had gone or how to find him. Plaintiff was frantically calling the coach and other parents of children on the team, but no one was answering their phone.

20. Plaintiff was unable to walk around in the park due to the lack of accessible paths

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

of travel, so she returned to her car and drove around Trainor Park looking for her grandson's team.  Eventually, she found her grandson and his team playing a game at Tosh Field.  Plaintiff was unable to find any designated accessible parking at either the parking lot on the north side of Tosh Field or the parking lot on the south side of Tosh Field.  Plaintiff did not see any signage or striping indicating that that there were designated accessible parking spaces in either parking lot near Tosh Field. Additionally, the paths of travel from both parking lots to Tosh Field are not accessible to Plaintiff either.

21.     Plaintiff eventually found a place to park in the parking lot on the south side of Tosh field.  Although she had to walk through the grass to get to the field from the parking lot, Plaintiff was able to stand the fence in the outfield of Tosh Field to watch her grandson's game.  She was also able to get his attention by yelling for him while he was playing in the outfield so that she could at least show him that she was there to support him and where to meet her after the game was over.

22.     After the game was over, Plaintiff's grandson had to walk by himself to around the field to meet her at the far parking lot.  It was starting to get dark by the time the game was over, and both Plaintiff and her grandson were nervous about him walking so far by himself, but they did find each other safely.

23.     Plaintiff's grandson continued to have practice and games at Trainor Park throughout the 2022 Junior Giants' season.  He had either a game or practice at Tosh Field in Trainor Park on June 30, 2022, July 5, 2022, and August 25, 2022.  On each occasion, Plaintiff encountered the same issues with accessibility, including lack of designated accessible parking, lack of accessible paths of travel, and lack of accessible seating at the baseball fields.  After, the initial incident, Plaintiff and her grandson agreed that Plaintiff would always park in the parking lot to the south of Tosh Field.  She would stand at the outfield fence to cheer him on, and after the game or practice they would meet at the parking lot to the south of Tosh Field.  This plan was stressful for both Plaintiff and her grandson, but at least it allowed Plaintiff to see her grandson play baseball without risking her health and safety in extremely inaccessible conditions of Trainor Park.

24.     As a guardian of two young children, it is very important to Plaintiff that her grandsons have the same experiences and opportunities as other children who do not have a disabled guardian.  She does not want her grandchildren to miss out on anything because she is disabled.  However, for that to happen, Plaintiff needs facilities which cater to families to prioritize providing accessible features that allow her access to such places in a similar manner to able-bodied parents.  Without safe accessible parking, accessible paths of travel and accessible features, Plaintiff cannot take her grandchildren to parks such as Trainor Park for them to participate in the baseball programs there.  Plaintiff and her grandchildren want to experience all the fun and excitement that the baseball program and Trainor Park has to offer, but they cannot return to enjoy those facilities until Defendant provides accessible facilities pursuant to the ADA and Department of Justice guidelines.

25.     These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc*. 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).  All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises, which she expects and intends to do once proper disabled access is provided.  Both of her grandsons want to participate in the Junior Giants baseball program this summer, and thus, Plaintiff will have need to return to Trainor Park soon.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION VIOLATING TITLE II OF THE AMERICANS WITH DISABILITES ACT OF 1990**

26.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 25, above, and incorporates them herein by reference as if separately repled hereafter.

27.     At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by

1  any public entity as defined by 42 USC section 12131.  Pursuant to 42 USC 12132, section 12132

2  of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded

3  from participation in or be denied the benefits of the "services, programs or activities" of a public

4  entity, or be subjected to discrimination by such entity.  Plaintiff was at all times relevant herein a

5  qualified individual with a disability for all purposes under the ADA.

6       28.     In violation of Title II of the ADA, Defendant has failed to ensure that individuals

7  with physical disabilities such as Plaintiff herein are not excluded from "services, programs and

8  activities" at the subject facilities and property.  By reason of Defendant's failure to remove

9  architectural barriers to access at the subject facilities so as to render them "accessible to and

10 useable by" mobility impaired persons, despite actual notice of the inaccessible conditions, and

11 by its policy decisions as above-described, including acts and omissions by any predecessors in

12 interest, Defendant has discriminated against Plaintiff in violation of Title II of the ADA and the

13 regulations adopted to implement the ADA.  With relation to damages claimed under Title II of

14 the ADA, each such instance of discrimination is alleged to have been intentional and/or has been

15 created and maintained with deliberate indifference to the effect upon Plaintiff and other similarly

16 disabled persons.  Further, Defendant continues to maintain the barriers to access at the Park

17 despite notice from Plaintiff of those barriers through her government claim, and Defendant

18 refused to engage in any pre-litigation discussions with Plaintiff to remedy those barriers to

19 access.  Also, all such facilities constructed or altered in any way since 1968 were also altered in

20 violation of California Government Code section 4450*ff*, regardless of whether maintenance of

21 the facilities was intentional or not and in violation of section 12183(a)(2) of the ADA for

22 alterations after 1992.

23      29.     As a result of such intentional discrimination, in violation of section 12132 of the

24 ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the

25 Rehabilitation Act of 1973 (29 USC 794a), as provided by section 12133 of the ADA.

26      30.     On information and belief, to the date of filing of this Complaint, Defendant has

27 failed to make the facilities and property as described herein accessible to and usable by

28 physically disabled persons, as required by law, and have failed to adopt policies to assure that

disabled persons are provided full and equal access.

31. Plaintiff requests that an injunction be ordered requiring that Defendant make all such facilities and properties herein described accessible to and usable by mobility impaired disabled persons.

32. Plaintiff requests an award of appropriate damages, and of reasonable attorneys' fees, litigation expenses, and costs, all as provided by law.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING CIVIL CODE §§ 54 and 54.1 GOVERNMENT CODE §§ 4450, *et seq*., AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE §§ 54(c) and 54.1(d)**

33. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them herein as if separately re-pleaded.

34. At all times relevant to this Complaint, California Civil Code section 54(a) has provided that:

> (a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, **public buildings**, . . . **public facilities and other public places**.

Emphasis added.

35. At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

The discrimination by Defendant against Plaintiff on the basis of Plaintiff's disability constitutes a violation of the general anti-discrimination provision of Civil Code sections 54 and 54.1.

36. Plaintiff is informed and believes and therefore alleges that the specified public

facilities are structures or related facilities within the meaning of California Government Code sections 4450 and 4451.  Plaintiff is further informed and believes and therefore alleges that Defendant has constructed, altered, or repaired relevant portions of the subject public property, structure and facilities since November 13, 1968 within the meaning of Government Code sections 4450, *et seq.*, including section 4456, thereby requiring provision of access to persons with disabilities, as required by law.  The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of Government Code sections 4450, *et seq*.  As a proximate result of Defendant's actions and omissions, said Defendant has discriminated against Plaintiff in violation of Government Code sections 4450, *et seq.*, and of the Title 24-2 regulations adopted to implement sections 4450ff since 1982.  Each violation of sections 4450, *et seq.* constitutes a violation of Civil Code sections 54 and 54.1.

37. Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of sections 54 (c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges that she has been denied such full and equal access as required by California law which incorporates Title II of the ADA, including but not limited to 42 USC sections 12132, 12133 and 12134, including regulations.

38. Plaintiff has no adequate remedy at law and, unless the relief requested herein is granted, Plaintiff and other disabled persons will continue to suffer irreparable harm as a result of Defendant's failure to fulfill its obligations to provide meaningful access to the subject public facilities.

39. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the respects complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided for a violation of California Government Code sections 4450, *et seq.*, for causing a denial of rights by disabled persons, by California Civil Code sections 54, *et seq.*  Civil Code section 54.3 provides

that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability is liable for each offense for the actual damage and any amount as may be determined by a court or jury.  Plaintiff alleges that Defendant failed to provide legally required access at the Park and related facilities as a violation on each specified day they attempted to access the services and facilities provided by Defendant, or was deterred from attempting such access and further requests that the Court award damages pursuant to Civil Code section 54.3 and attorney fees, litigation expenses and costs pursuant to Government Code sections 4450, *et seq.*, Civil Code §§ 54.3, California Code of Civil Procedure § 1021.5 and other law, all as hereinafter prayed for.

40. **DAMAGES:** As a result of the denial of equal access to these facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering and/or maintaining the subject facilities, Plaintiff has suffered multiple violations of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, all to her damages per Civil Code section 54.3, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by Defendant in violation of the subject laws, and/or due to said Defendant's policy violations of Civil Code sections 54 and 54.1, to use this public facility on a full and equal basis as other persons.

41. **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 54.3.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays the Court grant relief as requested below.

## **PRAYER FOR RELIEF**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Lynette Harvey Magde prays for judgment and the following specific relief against Defendant:

1. Issue a preliminary and permanent injunction directing that Defendant City of Red Bluff as owner and/or operator of subject premises, and alternatively, as governmental agencies subject to Title II of the ADA, to modify the above described facilities at the property and other non-conforming facilities and related described facilities, and make appropriate policy changes, so that Plaintiff and similarly situated persons with disabilities may obtain the benefits of, and access to, Defendant's "programs, services and activities" in a "full and equal" manner as required by law; to properly *maintain* such accessible facilities once they are provided.

2. Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Date: March 6, 2023 | REIN & CLEFTON |
| | */s/ Aaron M. Clefton* |
| | By AARON M. CLEFTON, Esq. |
| | Attorney for Plaintiff |
| | LYNETTE HARVEY MAGDE |

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

| | |
|---|---|
| Date: March 6, 2023 | REIN & CLEFTON |
| | */s/ Aaron M. Clefton* |
| | By AARON M. CLEFTON, Esq. |
| | Attorney for Plaintiff |
| | LYNETTE HARVEY MAGDE |